UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DENNIS BARKER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:15-cv-01427-TWP-MJD |
| ) | |
| ROB CHIMSKY and CLAIR WYATT, ) | |
| ) | |
| Defendants. ) | |

**ENTRY ON DEFENDANTS' MOTION TO DISMISS**

This matter is before the Court on a Motion to Dismiss filed pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(6), and 12(b)(7) by Defendants Rob Chinsky ("Chinsky") and Clair Weyant ("Weyant")[1] ([Filing No. 13](#)). Both defendants are employed by Chinsky Restaurant Group, Inc. ("CRG"). After working just over two years at CRG's Penn Station East Coast Subs restaurant ("Penn Station"), Plaintiff Dennis Barker ("Barker") was terminated, which he alleges was the result of discrimination. Specifically, Barker asserts that he suffered "wrongful termination of employment, hateful and malicious acts of discrimination and attempted prosecution." ([Filing No. 1 at 4](#).) Barker filed a complaint of discrimination with the Indiana Civil Rights Commission ("ICRC"), which was forwarded to the U.S. Equal Employment Opportunity Commission ("EEOC"). After the ICRC investigated Barker's complaint, it issued a "Notice of Finding" to Barker, explaining there was no probable cause of discrimination.

More than three years later, Barker initiated this lawsuit against Chinsky and Weyant, alleging discrimination under Title VII of the Civil Rights Act of 1964 and under Indiana Civil

---

[1] It appears that Plaintiff has incorrectly spelled the last names of Defendants' Chinsky and Weyant in the caption. Throughout this Entry, the Court utilizes the spelling used in Defendants' briefing. However, because Defendants' have not filed any notice that their clients names are spelled incorrectly on the docket, the Court has not on its own corrected the docket.

Rights Laws (Filing No. 1). Chinsky and Weyant filed their Motion to Dismiss, asserting among other things that Barker failed to exhaust all of his administrative remedies, and the claims are time barred. For the following reasons, the Court **GRANTS** Chinsky and Weyant's Motion to Dismiss.

## I.   BACKGROUND

Barker is a resident of Indianapolis, Indiana. He began working at CRG's Penn Station restaurant on Rockville Road in Indianapolis in November 2009. On January 12, 2012, Barker's manager at Penn Station informed him that he was being terminated because Chinsky and Weyant wanted to fire him (Filing No. 1 at 2). Chinsky and Weyant thought that Barker "had burglarized the establishment next door" and that he had taken money from Penn Station's cash register after he purposefully did not give enough change back to a customer. *Id.* On February 5, 2012, Barker was arrested for the incident; his criminal case was later dismissed. *Id.* at 3.

On January 17, 2012, Barker filed a complaint of discrimination against Penn Station with the ICRC, which was forwarded to the EEOC (Filing No. 1-2). The complaint of discrimination noted that Penn Station had between six and fourteen employees. The ICRC conducted an investigation of the complaint, and on August 3, 2012, issued a "Notice of Finding" to Barker. In its Notice of Finding, the ICRC explained that there was no probable cause to believe that Penn Station was engaging in unlawful discrimination (Filing No. 14-2). The ICRC determined that Barker was fired because he was not meeting the company's business expectations, pointing to the customer complaint of being short-changed and Barker allegedly taking money from the cash register. The ICRC also determined that there was no evidence that Penn Station treated other similarly-situated employees more favorably.

In the Notice of Finding, the ICRC informed Barker that he had fifteen days to file a written appeal of the decision, and that after the administrative right to appeal was exhausted, the

2

complaint would be dismissed with prejudice (Filing No. 14-2 at 2).  The Notice of Finding also informed Barker in bold-face type that "[f]ailure to submit a timely appeal may result in a waiver of any right to further review of appeal of this Finding by the Commission or Indiana Courts."  *Id.*  Barker did not appeal the ICRC's Notice of Finding.

After more than three years passed, on September 10, 2015, Barker filed his Complaint in federal court, alleging discrimination under Title VII of the Civil Rights Act of 1964 and under Indiana Civil Rights Laws.  In response to Barker's Complaint, Chinsky and Weyant filed their Motion to Dismiss, explaining that Barker failed to exhaust all of his administrative remedies before filing his Complaint, and his claims are time barred.

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows a defendant to move to dismiss a complaint that has failed to "state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  When deciding a motion to dismiss under Rule 12(b)(6), the court accepts as true all factual allegations in the complaint and draws all inferences in favor of the plaintiff.  *Bielanski v. County of Kane*, 550 F.3d 632, 633 (7th Cir. 2008).  The complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), the Supreme Court explained that the complaint must allege facts that are "enough to raise a right to relief above the speculative level."  Although "detailed factual allegations" are not required, mere "labels," "conclusions," or "formulaic recitation[s] of the elements of a cause of action" are insufficient.  *Id*.  The allegations must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."  *Id*.  Stated differently, the complaint must include "enough facts to state a claim to relief that is plausible on its face."  *Hecker v. Deere & Co.*, 556 F.3d 575, 580 (7th Cir. 2009) (citation and quotation marks omitted).

To be facially plausible, the complaint must allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

"[Courts] consider documents attached to the complaint as part of the complaint itself. Such documents may permit the court to determine that the plaintiff is not entitled to judgment." *Reger Dev., LLC v. Nat'l City Bank*, 592 F.3d 759, 764 (7th Cir. 2010) (citations omitted). Dismissal is appropriate "when a party has included in its complaint 'facts that establish an impenetrable defense to its claims.'" *Hecker*, 556 F.3d at 588 (quoting *Tamayo v. Blagojevich*, 526 F.3d 1074, 1086 (7th Cir. 2008)).

Additionally, "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  However, the Court notes that:

> [I]t is also well established that pro se litigants are not excused from compliance with procedural rules.  [T]he Supreme Court has never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel[.]  Further, as the Supreme Court has noted, in the long run, experience teaches that strict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law.

*Loubser v. United States*, 606 F. Supp. 2d 897, 909 (N.D. Ind. 2009) (citations and quotation marks omitted).

### III. DISCUSSION

Chinsky and Weyant assert that Barker's claims should be dismissed because Barker failed to exhaust all of his administrative remedies and his claims are time barred.

A plaintiff wishing to bring a claim pursuant to Title VII or the Indiana Civil Rights Laws must exhaust his administrative remedies before he may bring the claim before a federal court.

4

*Alam v. Miller Brewing Co.*, 709 F.3d 662, 666–67 (7th Cir. 2013).  Courts address a plaintiff's failure to exhaust administrative remedies under Rule 12(b)(6).  *See Weigel v. J.W. Hicks, Inc.*, 2007 U.S. Dist. LEXIS 52265, at *14–15 (N.D. Ind. July 18, 2007).

In order to exhaust administrative remedies, a plaintiff must first file with the EEOC (or the state's equivalent agency) a complaint that details the alleged discrimination.  *Conner v. Illinois Dep't of Natural Res.*, 413 F.3d 675, 680 (7th Cir. 2005).  The plaintiff must wait for the EEOC (or state agency) to conduct an investigation and issue a "right to sue" letter before filing suit in federal court.  *Id.*

In this case, because CRG employed less than fifteen employees, it did not qualify as an employer under Title VII, and thus, Barker's claims had to proceed under Indiana's Civil Rights Laws.  *See White v. Chi. Cooling Tower*, 2003 U.S. Dist. LEXIS 19682, *4–5 (N.D. Ill. Nov. 4, 2003) (citing *Walker v. Abbott Laboratories*, 340 F.3d 471 (7th Cir. 2003); 42 U.S.C. § 2000e(b)) (Title VII is not available to employees who work in relatively small businesses).

Thus, in the context of this case, to exhaust all administrative remedies, after a plaintiff files a complaint of discrimination with the ICRC and an investigation is completed, a Notice of Finding will issue and the plaintiff must timely appeal the adverse Finding to the ICRC.  Once the ICRC issues a final appealable decision, a plaintiff may appeal that decision to the Indiana Court of Appeals within thirty days.  Ind. Code § 22-9-8-1.  Dismissal is appropriate if a plaintiff fails to exhaust all administrative remedies. *See Greater Indianapolis Chapter of the NAACP v. Ballard*, 741 F. Supp. 2d 925 (S.D. Ind. 2010).

Barker filed a complaint of discrimination with the ICRC within a week of his termination from Penn Station.  However, after the ICRC issued its Notice of Finding and informed Barker of the opportunity and requirement to appeal the Finding, Barker failed to appeal the Notice of

Finding to the ICRC. He failed to obtain a final appealable administrative decision from the ICRC. And he failed to appeal any decision to the Indiana Court of Appeals. More than three years after the Notice of Finding was issued, Barker sought relief by filing his Complaint in federal court. Because Barker did not exhaust his administrative remedies prior to filing his Complaint in this court, the Court grants Chinsky and Weyant's Motion to Dismiss.

Chinsky and Weyant also point out the untimeliness of Barker's lawsuit. Even if Barker had properly exhausted his administrative remedies, he did not file his Complaint in a timely manner. The ICRC issued the adverse Notice of Finding on August 3, 2012. More than three years later, Barker filed his Complaint on September 10, 2015. In his response brief, Barker explains that he waited to file his Complaint until after his "related" criminal case was dismissed on September 10, 2013 (Filing No. 20). This is not a proper basis to untimely initiate this lawsuit. Indiana Code § 22-9-8-1 gives a plaintiff thirty days to appeal an adverse decision of the ICRC to the Indiana Court of Appeals. A Title VII lawsuit must filed within ninety days. 42 U.S.C. § 2000e-5(f)(1). Under either standard, Barker's lawsuit is extremely late—more than three years after the ICRC's adverse Finding and two years after Barker's "related" criminal case was dismissed.[2]

### IV. CONCLUSION

For the foregoing reasons, Chinsky and Weyant's Motion to Dismiss (Filing No. 13) is **GRANTED**. Barker's Complaint is **dismissed with prejudice**. Final judgment will issue under separate order.

**SO ORDERED.**

---

[2] Chinsky and Weyant's additional arguments for dismissal have merit and support the Court's decision to grant the Motion to Dismiss. These arguments are: Chinsky and Weyant are not employers under Title VII, the Court lacks supplemental jurisdiction over the state claim, Barker brought his claims against the wrong party, and the Complaint fails to meet the *Iqbal* and *Twombly* pleading standards.

Date: 6/13/2016

                                              TANYA WALTON PRATT, JUDGE
                                              United States District Court
DISTRIBUTION:                       Southern District of Indiana

Dennis Barker
P.O. Box 241126
Indianapolis, Indiana  46224

Mark R. Waterfill
BENESCH, FRIEDLANDER, COPLAN, & ARONOFF, LLP
mwaterfill@beneschlaw.com

Stephanie Sackellares Penninger
BENESCH, FRIEDLANDER, COPLAN & ARONOFF, LLP
spenninger@beneschlaw.com